MARSTILLER, J.
Margarette R. Brown has been employed by the Hillsborough County School Board as a substitute teacher since November 2008. She filed a claim for unemployment compensation benefits for the summer vacation period between the 2010-11 and 2011-12 school years. The Agency for Workforce Innovation* denied the claim because benefits are not available between school terms or school years, or during established school vacations if the claimant has a reasonable assurance of being rehired for the next school term. An appeals referee affirmed the determination of ineligibility, and the Unemployment Appeals Commission (“Commission”) affirmed the referee’s decision, finding it supported by competent, substantial evidence.
We affirm the Commission’s order. Under section 443.091(3)(a), Florida Statutes (2010), unemployment benefits are not payable for instructional services at an educational institution during the period between academic years or terms if the individual seeking benefits performed those services in the first year or term and has a “contract or a reasonable assurance that the individual will perform services in any such capacity for any educational institution ... in the second of those academic years or terms.” Benefits are similarly not payable during “an established and customary vacation period or holiday recess ....” § 443.091(3)(c), Fla. Stat. *647 (2010). Ms. Brown provided substitute teaching services during the 2010-11 academic year and submitted to the school board a signed Renewal Application and Substitute Teacher Agreement for the 2011-12 academic year. The agreement stated, inter alia: “I understand that returning the Renewal Application will ensure that I have a reasonable assurance of re-employment as a substitute teacher for the school term applied for....” Consequently, Ms. Brown is not eligible for unemployment compensation benefits for the period between academic years. See Parzik v. Unemployment Appeals Comm’n, 711 So.2d 636, 636 (Fla. 5th DCA 1998). We decline the invitation to interpret “reasonable assurance” to mean she must be guaranteed teaching assignments to be ineligible for benefits.
AFFIRMED.
WOLF and PADOVANO, JJ., concur.

 Now, the Division of Workforce Services, Department of Economic Opportunity. See § 20.06, Fla. Stat. (2011).