SUAREZ, J.
Carlos Vidal appeals a final order of the Reemployment Assistance Appeals Commission (RAAC) denying his application for unemployment benefits during the summer of 2010. This appeal turns on whether a statute disqualifying teachers from receiving unemployment benefits for the summer vacation in between school years applies to Mr. Vidal. We find that section 443.091(3)(a), Florida Statutes (2010), does apply to Mr. Vidal because he was an active substitute teacher for the school years before and after the summer of 2010. As such, he is not entitled to unemployment compensation for the summer months claimed.
Mr. Vidal was an active certified substitute teacher for the Miami-Dade County School Board from 2004-2011, and RAAC denied his request for unemployment benefits for the summers in between the 2009-2010 and 2010-2011 school years. An appeals referee found that Mr. Vidal was ineligible for benefits under section 443.091(3)(a), Florida Statutes (2010), because he was a certified substitute teacher and had reasonable assurance he would have work after the summer based upon his employment tradition as a substitute school teacher.
Since 2004, Mr. Vidal had documentation that he was a certified substitute teacher and would give his substitute teacher ID to schools to find work.[1] Although he did not know when he would be called to work during the school year and was not given any written or verbal guarantees that he would have work after the summer was over, he did know, however, that schools had his contact information in order to call him if they needed him to work because he was certified, authorized and actively working for the School Board as a substitute teacher. Additionally, the appeals referee found, based on Mr. Vidal’s testimony, that he was “eligible to return to work on the same terms and conditions of the 2009-2010 school year,” and that he has continually has worked for the School Board during each academic year since October, 2004.[2]
A decision by RAAC can only be reversed if it is not supported by substantial, competent evidence. Thomas v. Precision Response, 920 So.2d 703, 704 (Fla. 3d DCA 2006). Courts must defer to RAAC’s factual findings, but may overturn decisions with erroneous conclusions of law. City of Coral Gables v. Coral Gables Walter F. Stathers Mem’l Lodge 7, 976 So.2d 57, 63 (Fla. 3d DCA 2008).
RAAC relied on section 443.091 for its decision denying Mr. Vidal benefits, which states that “[bjenefits are not payable for services in an instructional ... capacity for an educational institution ... for any week of unemployment commencing during the period between 2 successive academic years ... and there is a contract or a reasonable assurance that the individual will perform services in any such capacity for such educational institution ... in the second of those academic years ....” § 443.091(3)(a), Fla. Stat. (2010) (emphasis added). Under the same section, “reasonable assurance” is defined as “a written or verbal agreement, an agreement between an employer and a worker understood through tradition within the trade or occupation, or an agreement defined in an employer’s policy.” § 443.036(36), Fla. Stat. (2010).
*438 Mr. Vidal testified that he had worked as a substitute teacher in every academic year since 2004, that he had not worked during any of the summers as a substitute teacher, that he had been called by the School Board to continue working as a substitute teacher after every summer break since 2004, that he had documentation that he was certified as a substitute teacher, and he knew that schools had his name and phone number to call him to substitute because he was certified and authorized to work as a substitute teacher.
Section 443.091(3)(a) does not require that Mr. Vidal have a written contract or guarantee that he will be performing services for the School Board in the second half of the academic year to be ineligible for unemployment compensation during the summer. The statute only requires a reasonable assurance that he will perform any service for the School Board after the summer recess. A reasonable assurance by statutory definition can be based on tradition in the occupation. Therefore, there was substantial, competent evidence to support the referee’s finding that, based on Mr. Vidal’s employment tradition with the Miami-Dade School Board, he was reasonably assured of employment for the school term after the summer of 2010. See Brown v. Fla. Unemployment Appeals Comm’n, 81 So.3d 646 (Fla. 1st DCA 2012) (holding that substitute teacher was not entitled to unemployment benefits for summer vacation period although she was not guaranteed teaching assignment for upcoming academic year, where she was a substitute teacher for prior academic year and had a signed renewal application and was reasonably assured of re-employment for upcoming year); Parzik v. Unemployment Appeals Comm’n 711 So.2d 636, 636 (Fla. 5th DCA 1998). Accordingly, RAAC’s decision cannot be overturned.[3]
Affirmed.
LAGOA, J., concurs.

. Mr. Vidal did not know of an active substitute teacher list or if he were on such a list.

. The claimant has admitted not working during any of the summers between the academic school years since 2004.

. The dissent suggests that RAAC should follow its November 2007 decision wherein a representative of the School Board did not attend the hearing and RAAC overturned the decision of the hearing referee and awarded Mr. Vidal unemployment compensation for the summer months. RAAC stated that there was no evidence in the record to support the referee’s finding of reasonable assurance. However, RAAC looked only at that one academic year of his employment; whereas, in the present appeal, the referee and RAAC looked at Mr. Vidal’s employment history with the School Board and noted that since 2004 he has been called to serve as a substitute teacher in every academic year after summer break. As such, the finding of the referee and RAAC that there was substantial competent evidence, based on his employment tradition to conclude he had a reasonable assurance of being called again to serve as a substitute teacher in the subsequent academic school year and was, therefore, ineligible for unemployment compensation during the summer months, should be upheld.